Matter of the Application of SAMUEL JACOBS, an Elector of the City of New York, to Strike from the Register of Electors of the First Election District of the Sixth Assembly District of the City and County of New York the Name of GEORGE HEIM.

(Supreme Court, New York Special Term, October, 1904.)

Application to strike the name of a registered elector from the registry list — Presumption from his name not appearing on the return of a lodging-house keeper — Application denied in a doubtful case.

Where, upon an application, under the provisions of section 31 of the Election Law (Laws of 1896, chap. 909, as amd.), to strike from the registry list of an election district in New York city, the name of a proposed elector who has registered from a lodging house in that city, it appears that the name of the proposed elector does not appear upon the sworn statement filed by the keeper of said lodging house, pursuant to section 9 of the Metropolitan Election District Law (Laws of 1898, chap. 676, as amd.), a presumption arises that he does not reside at the place named, and is not entitled to remain upon the registration list.

Such presumption is, however, rebuttable.

If, upon such an application, there is any dispute about the facts or grounds for differing inferences, the judge should not interfere, but should leave the voter to swear in his vote at his peril.

APPLICATION to strike the name of respondent from the register of electors of the first election district of the sixth assembly district.

8

Robert W. Bernard, for applicant.

M. Warley Platzek, for George Heim.

CLARKE, J. This is an application made to a Special Term of this court duly designated to dispose of questions affecting the registration list of voters at the ensuing election to strike the name of respondent from the register of electors of the first election district of the sixth assembly district. The proceeding is brought under the provisions of section 31 of the Election Law (Laws of 1896, chap. 909, as amd.) The affidavit upon which an order to show cause, addressed to the inspectors of election sitting as a board of registry of said district and to the respondent Heim, sets forth, among other things: "That the said George Heim is not qualified to vote in such election district at the election for which said registration has been made, on account of the following reasons, to wit: That said place, namely, No. 7 Bowery, is a lodging house or hotel, duly licensed as such, and is managed and conducted by Annie E. Bearman, in whose name the license to conduct said lodging house or hotel was issued; that pursuant to chapter 676 of the Laws of 1898, as amended by chapter 499 of the Laws of 1899, amended by chapter 684 of the Laws of 1900, said Annie E. Bearman was required to file in the office of the State Superintendent of Elections a report, duly acknowledged and sworn to, setting forth the names of the lodgers who claim a voting residence at or in such lodging house or hotel, together with the length of time they have been regularly lodging therein, the date of the beginning thereof and a description of the persons lodging therein, whereby such persons may be identified, the place of their nativity and occupation and place of business of such persons, and designating the room occupied by them, which report was required to be filed twenty-nine days before the election next ensuing; that on October 10, 1904, said Annie E. Bearman filed said report with the State Superintendent of Elections, which report was duly acknowledged and sworn to as provided by law; that deponent has caused an examination of the original report

so filed by the said Annie E. Bearman to be made, but the same does not contain the name of the person hereinbefore mentioned and which is sought to be stricken from said register, nor does it appear therefrom that such person has been regularly lodging therein or claiming a residence at such place; that deponent verily believes that said person did not on October 10, 1904, reside at said place and is not entitled to be registered therefrom nor to vote in said district from said place." The Metropolitan Election District Law (Laws of 1898, chap. 676, as amd.) provides in section 9 thereof that the keeper of a lodging-house, inn or hotel shall keep a register. It further prescribes in minute detail for a report to the state superintendent twenty-nine days before election, which, if properly kept, will identify the lodgers therein. It further provides: "To the end that the sworn report herein required shall truly set forth the facts therein stated, it shall be the duty of the said landlord, proprietor, lessee or keeper to question each male person lodging in such lodging house, inn or hotel as to his intention of claiming such place as a voting residence, and such person shall thereupon declare his intention thereof, and if he shall claim such place as his voting residence he shall give to such landlord, proprietor, lessee or keeper the facts regarding himself as are required to be incorporated in the sworn report herein provided for. Any such landlord, proprietor, lessee or keeper or any lodger who shall violate this provision shall be deemed guilty of a misdemeanor." The object of this enactment is obvious. In a great city containing at all times a large transient population the opportunity for fraud in elections, in the absence of legal restriction, is great. The Legislature from time to time and step by step has endeavored to safeguard an honest vote and a fair count. Personal registration, bi-partisan boards of election officers, the official ballot, a simultaneous count in all districts, watchers at the polls are a few of the measures passed with general approval for that purpose. It seems to me, therefore, that when it appears that the name of the proposed elector does not appear upon the sworn statement filed by the keeper of the house from which he has registered a presumption arises that he

does not reside at the place claimed and is not entitled to remain upon the registration list. But it is a rebuttable presumption. The lodging-house keeper may have made a mistake or an untrue report. While that may subject him to prosecution as for a misdemeanor, a citizen entitled to vote is not to be disfranchised by reason of the mistake or misdemeanor of another. He may be a seaman, in the army or navy, in the government service, a student in an institution of learning. As to the latter he neither loses nor acquires a voting residence by reason of so attending or serving, and may vote from his old voting residence. The respondent at bar upon the return to the order to show cause has submitted his affidavit, in which he says: " I am a citizen of the United States, over 21 years of age and reside at No. 7 Bowery, in First Election District of the Sixth Assembly District of the County and State of New York. I have resided in the State of New York for one year last past and upwards, in the County of New York for four months last past and upwards and in the election district aforesaid for thirty days last past and upwards, and that I am a duly qualified elector of the City and County of New York; that my said residence, namely, No. 7 Bowery, is a lodging house or hotel and is managed or conducted by Annie E. Bearman. Deponent further says he has voted from his said residence the last three years, namely, 1901, 1902, 1903. That he has no other legal residence." To this answering affidavit the applicant makes no reply. In Matter of Goodman, 146 N. Y. 289, Judge Finch, speaking for a unanimous court, said: "A further point is made over the right of a judge at Chambers to strike names from the registry. Such right is given by the amendment of 1894 (chap. 275, § 37), where the name of a person not qualified in the election district or who cannot become so qualified before the election appears upon the lists. This provision applies, not to a case of doubt, not to one resting in some uncertainty or dependent upon inferences of a debatable character, but to a case in which the facts show affirmatively that the intending voter is not and cannot become qualified. If there is dispute about the facts or ground for differing inferences, the judge should not interfere, but

leave the voter to swear in his vote at his peril, taking upon himself, the risk of his persistence." Governed by that expression of opinion from the Court of Appeals, with which indeed, independent of authority, it seems to me all fairminded men must agree, this application is denied.

Application denied.